# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD LEATHERBERRY,**<br><br>  **Plaintiff,**<br><br> vs.<br><br>**VILLAGE GREEN MANAGEMENT COMPANY, MISSOURI, LLC,**<br>**and VILLAGE GREEN MANAGEMENT COMPANY, LIPTON, LLC,**<br><br>  **Defendants.** | Case No. 4:09CV2101MLM |

## MEMORANDUM OPINION

  Before the court is the Motion to Stay Proceedings and Compel Arbitration and the Supplemental Motion to Stay Proceedings and Compel Arbitration filed by Defendant Village Green Management Company, Missouri, LLC, ("Defendant Village Green"). Docs. 4, 8. Plaintiff filed a Response. Doc. 10. Defendant Village Green filed a Reply. Doc. 12. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 15.

  Plaintiff filed his cause of action pursuant to the Missouri Human Rights Act, Mo. Rev. Stat. § 213.111, in the Circuit Court of the City of St. Louis. Defendants removed the matter to federal court. Subsequently, Defendant Village Green filed the pending Motion in which it alleges that the matter should be stayed and arbitration compelled because Plaintiff and Defendant Village Green are signatories to an arbitration agreement which requires arbitration of all disputes, including alleged civil rights violations.

In his Complaint Plaintiff alleges that he is an African American male; that he worked as a Maintenance Technician for Defendant Village Green's predecessor in interest, Lipton, in that capacity from October 29, 2001, until Defendant Village Green's acquisition of Lipton on June 2, 2006; that Plaintiff worked for Defendant Village Green as a Maintenance Technician from June 2, 2006, until he was terminated by Defendant Village Green in June 2008; and that Plaintiff's race was contributing factor in the decision of Defendant Village Green to terminate him. Doc. 3.

Defendant Village Green's Associate Handbook has a separate page titled "Acknowledgment of Associate Handbook." This page states, in relevant part:

> ANY DISPUTE ARISING OUT OF OR IN CONNECTION WITH ANY ASPECT OF MY EMPLOYMENT OR ANY TERMINATION THEREOF (INCLUDING BY WAY OF EXAMPLE BUT NOT LIMITATION, DISPUTES CONCERNING ALLEGED CIVIL RIGHTS VIOLATIONS, EMPLOYMENT DISCRIMINATION OF ANY KIND INCLUDING ON THE BASIS OF ANY PROTECTED CATEGORY UNDER FEDERAL OR STATE LAW, RETALIATION, WRONGFUL DISCHARGE, ENTITLEMENT TO OVERTIME PAY, SEXUAL HARASSMENT, BREACH OF EXPRESS OR IMPLIED CONTRACT OR TORT) SHALL BE EXCLUSIVELY SUBJECT TO BINDING ARBITRATION UNDER THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA"), provided all substantive rights and remedies including any applicable damages provided under any pertinent statutes related to such claims, the right to representation by counsel, a neutral arbitrator, a reasonable opportunity for discovery, a fair arbitral hearing, a written arbitral award containing findings of facts and conclusions of law, and any other provisions required by law, shall be available in the AAA forum. Any decision of the Arbitrator shall be final and binding as to both parties, and enforceable by any court of competent jurisdiction. Nothing contained herein shall prohibit me from filing any claims or charge with any appropriate governmental agency. I UNDERSTAND THAT MY AGREEMENT HEREIN CONSTITUTES A WAIVER OF MY RIGHT TO ADJUDICATE CLAIMS AGAINST THE COMPANY IN COURT, AND THAT I AM OPTING INSTEAD TO ARBITRATE SUCH CLAIMS.

Doc. 8, Def. Ex. A (capital letters in original).

Plaintiff signed this page on April 7, 2006. Doc. 8, Def. Ex A.

The Eighth Circuit held in Peterson v. BMI Refractories, 132 F.3d 1405, 1412 (8th Cir. 1998), that "a mandatory arbitration clause does not bar litigation of a federal statutory claim unless certain requirements are met. The threshold requirement is that "the employee must have *agreed individually* to the contract containing the arbitration clause." Id. (quoting Brisentine v. Stone & Webster Eng'g Corp., 117 F.3d 519, 526 (11th Cir.1997)). In Patterson v. Tenet Healthcare, Inc., 113 F.3d 832, 834-35 (8th Cir. 1997), upon finding that an arbitration clause included in an employee handbook was enforceable, the court considered that the applicable employee handbook had a *separate page*, designated as an "Acknowledgment Form," which stated that the employee who signed the form agreed to submit grievances to an "arbitration panel as the ultimate resolution of" the employee's complaints. The Eighth Circuit further considered that under Missouri law "employee handbooks generally are not considered contracts." Id. at 835. Nonetheless, the court concluded that, because "the arbitration clause [was] separate from the other provisions of the handbook, ... it constitute[d] an enforceable contract" Id.

On the other hand, the Missouri appellate court held in Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15, 28 (Mo. Ct. App. 2008), that an arbitration provision unilaterally imposed by an employer on an at-will employee was unenforceable because it lacked consideration. After the employee filed a cause of action in State court under the MHRA alleging claims of age discrimination and retaliation, as in the matter under consideration, the employer in Morrow sought to stay the proceedings compel arbitration. The Missouri court in Morrow, 271 S.W.3d at 21, held that:

> The question of whether or not arbitration can properly be compelled is a question of law ... . State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 856 (Mo. banc 2006). Missouri substantive law governs the issues of the existence, validity, and enforceability of any purported arbitration contract. See id.; 9 U.S.C. sec. 2. "[I]n determining whether the parties have entered into a valid agreement to arbitrate, the usual rules of state contract law and canons of contract interpretation apply." Triarch Indus., 158 S.W.3d at 776.

3

>    ...
>
>    "[A]rbitration is a matter of contract, and a party cannot be required to arbitrate a dispute that it has not agreed to arbitrate." Dunn Indus. Group, 112 S.W.3d at 435; see also 6 C.J.S. Arbitration sec. 1 (2004). Absent a contract to arbitrate, no party has a unilateral right to impose on another party a requirement of arbitration as the sole procedure for dispute resolution. Dunn Indus. Group, 112 S.W.3d at 427-28; ... . It is a firmly established principle that parties can be compelled to arbitrate against their will only pursuant to an agreement whereby they have agreed to arbitrate claims. AT & T Techs., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); ... .
>
>    There is nothing that would preclude the possibility of an employer and its employees from entering into an enforceable agreement to arbitrate claims, including statutory claims. In Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the watershed case on the issue of the arbitrability of statutory employment claims, the ... U.S. Supreme Court affirmed a decision enforcing the arbitration agreement, rejecting a contention that arbitration of an age discrimination claim was inherently antagonistic to the public purposes of the Age Discrimination in Employment Act (ADEA). Id. at 27-35, 111 S.Ct. 1647. Thus, Gilmer declared that a contract to arbitrate employment discrimination claims is not inherently contrary to public policy. Id.; see also Boogher v. Stifel Nicolaus & Co., 825 S.W.2d 27, 29 (Mo. App. 1992).
>
>    Since the 1991 decision in Gilmer, the courts have taken different approaches to employer-imposed arbitration plans, with some courts enforcing the plans, while others have found them unenforceable for various reasons. ... .
>
>    The Court in Gilmer did not address the issue that we view as the key issue in the matter before us: whether under Missouri law there can be a legal contract between employer and employee to arbitrate claims when the employer imposes a one-sided mandatory arbitration requirement (meaning that only one party is required to submit all claims to binding arbitration) on an existing at-will employment relationship.

Id. at 21-23.

The Missouri court in Morrow, 273 S.W.3d at 22-23, further considered that, in regard to contracts, "*signatures remain a common, though not exclusive, method of demonstrating agreement*." (emphasis added). Because the employee in Morrow "was not expected to express agreement, but was expected simply to acquiesce in the new requirement in order to keep working," the court found that the requirement of arbitrating disputes was a term and condition of employment,

4

not a legally enforceable contract. Id. The court in Morrow specifically distinguished cases where an employee demonstrated his or her intent to arbitrate by signing an agreement. Id. (citing Gilmer, 500 U.S. at 23; Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 682 (8th Cir. 2001) (employee demonstrated her intent to arbitrate by signing agreement); McIntosh v. Tenet Health Sys. Hosp., Inc., 48 S.W.3d 85, 89 (Mo. Ct. App. 2001) (noting that employee signed arbitration clause agreeing, along with company, to submit claims to arbitration). The court in Morrow further clarified that, under Missouri law, for an agreement to arbitrate in an employment contract to be enforceable there must be "a *mutual obligation* to submit claims to arbitration." Id. at 23 n.4 (emphasis added).

In the matter under consideration, Plaintiff *agreed individually* to arbitrate and *signed* the agreement to arbitrate, which appeared on a *separate page* of the employee handbook. Moreover, because the arbitration provision obligated both Plaintiff and Defendant Village Green to arbitrate and abide by the arbitration decision, there was *mutual obligation*. See Gilmer, 500 U.S. at 23; Peterson, 132 F.3d at 1412; Patterson, 113 F.3d at 834-35; Morrow, 273 S.W.3d at 23 n.4. The court finds, therefore, that the Acknowledgment is a binding agreement to arbitrate any dispute which Plaintiff might have with Defendant Village Green, including disputes which arise pursuant to State or federal law. See id. As such, the court finds that Plaintiff is obligated to arbitrate the claim of race discrimination which he alleges in his Complaint and that the Motion to Stay Proceedings and Compel Arbitration filed by Defendant Village Green should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay Proceedings and Compel Arbitration and Supplemental Motion to Stay Proceedings and Compel Arbitration filed by Defendant Village Green Management Company, LLC, are **GRANTED**; Docs. 4, 8

**IT IS FURTHER ORDERED** that the parties are to report to the court within thirty (30) days from the date of this Memorandum Opinion that they have initiated the arbitration process.

**IT IS FURTHER ORDERED** that the parties are to complete arbitration within 120 days of the date of this Memorandum Opinion and are to notify the court upon the completion of arbitration whether there are any issues remaining for resolution by this court.

<u>/s/Mary Ann L. Medler</u>
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this <u>9th</u> day of February, 2010.